UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
LON KEITH KLEIN,

                        Plaintiff,

   -against-

ELLIOT RITTENBAND, ARON TUREN,         MEMORANDUM AND ORDER
R/G BLACK TIE, LLC, STEINWAY &             09-CV-2019 (ILG)
SONS, INC., and JOHN DOES 1-10,
individually, jointly and severally,

                        Defendants.

---------------------------------------------------x

GLASSER, United States Senior District Judge:

      On May 12, 2009, the plaintiff Lon Keith Klein ("Klein") brought a copyright action against the defendants Elliot Rittenband ("Rittenband"), Aron Turen ("Turen"), R/G Black Tie, LLC ("Black Tie"), and Steinway, Inc.[1] ("Steinway"), alleging that the defendants infringed Klein's copyrighted jewelry designs in violation of 17 U.S.C. § 101 et seq. Defendants Rittenband and Black Tie (the "Rittenband defendants") moved for summary judgment on August 5, 2009. Oral argument was held on October 5, 2009, and the Court granted Klein limited discovery. On November 3, 2009, the Rittenband defendants renewed their motion for summary judgment. The Rittenband defendants have met their burden of demonstrating that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Accordingly, the Court grants the motion for summary judgment.

---

[1] Klein's complaint names "Steinway & Sons, Inc." as a defendant, but Steinway's counsel indicates in an affidavit that the correct corporate entity is named Steinway, Inc. d/b/a Steinway & Sons. Affidavit of John R. Dudek, dated Aug. 3, 2009, ¶ 1.

1

# FACTS

Although Klein does not indicate his profession in his complaint, this Court will assume that he is a visual artist involved in jewelry design. Defendant Elliot Rittenband is the Chief Executive Officer and President of defendant R/G Black Tie, LLC. Defendants' Local Rule 56.1 Statement ("Def. 56.1 Statement"), dated August 5, 2009; ¶ 2, Affidavit of Elliot Rittenband ("Rittenband Aff."), dated July 31, 2009, ¶ 2. Klein describes Rittenband as a professional licensor in the luxury goods market. Compl. ¶ 11. According to Klein, defendant Aron Turen ("Turen"), through his business Turen Diamond Services, is engaged in the cutting and setting of diamonds. Compl. ¶ 15–16. Defendant Steinway, Inc. ("Steinway") is a major piano manufacturer, known for, among other things, its Steinway & Sons brand.

On September 1, 2006, Black Tie entered into a licensing agreement with Steinway ("Steinway license") to create jewelry products using the Steinway brand. Def. 56.1 Statement ¶ 4; Rittenband Aff. ¶ 7; Affidavit of John R. Dudek ("Dudek Aff."), dated August 3, 2009, ¶ 2. Klein alleges that on an unspecified date, he reached an agreement with Rittenband[2] and Turen, whereby Klein would design Steinway-themed accessories, and that he began working on these designs in September 2006. Compl. ¶ 21–23. Klein further alleges that he subsequently sent jewelry designs to Turen on December 11, 2006, and was informed by Rittenband on December 14, 2006 that the designs had been approved by Steinway, presumably as required by the Steinway license. Compl. ¶ 24–25.

According to Klein, in early 2007, Rittenband terminated his business dealings with Klein after rejecting contract terms proposed by him. Compl. ¶ 31–32. Turen subsequently

---

[2] Klein's complaint is unclear about whether Rittenband is alleged to have been acting in his individual capacity or as an agent of Black Tie. For purposes of this motion, the Court will assume that at all times Rittenband was acting in both roles.

created prototypes for Black Tie of jewelry featuring pianos and lyres allegedly based on Klein's designs. Def. 56.1 Statement ¶ 5; Rittenband Aff. ¶ 8; Affidavit of Aron Turen ("Turen Aff."), dated July 31, 2009, ¶ 2. In August 2007, Klein allegedly saw a press release advertising an event at which Steinway's luxury wear would be unveiled, which led him to believe that Black Tie was offering for sale products based on his designs. Compl. ¶ 34. On September 8, 2007, Klein allegedly learned that Rittenband was representing his designs as having been conceived by Turen. Compl. ¶ 35. Klein also alleges that cuff links based on his designs were offered for sale on Black Tie's website. Compl. Ex. 18.

In or about September 2008, the jewelry prototypes were melted down for salvage value. Def. 56.1 Statement ¶ 5; Turen Aff. ¶ 2. On December 3, 2008, the Steinway license was terminated by mutual consent of Steinway and Black Tie. Def. 56.1 Statement ¶ 4; Rittenband Aff. ¶ 7; Dudek Aff. ¶ 3. No Steinway-branded jewelry was ever distributed or sold, nor have any of the defendants distributed any jewelry with a piano- or lyre-based design. Def. 56.1 Statement ¶ 6; Rittenband Aff. ¶ 9; Turen Aff. ¶ 3; Dudek Aff. ¶ 4. Affidavit of Stefano Khalepari, dated July 30, 2009, ¶ 2–4. None of the defendants earned any profits from the piano- or lyre-based jewelry. Def. 56.1 Statement ¶ 6; Rittenband Aff. ¶ 10; Dudek Aff. ¶ 4–5.

## DISCUSSION

1. **Summary Judgment**

A party will be granted summary judgment when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating that there exists no genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

3

475 U.S. 574, 586 (1986). If the moving party meets this burden, then it falls to the opposing party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998). Furthermore, new facts adduced by the non-moving party will not prevent summary judgment unless they contradict the facts supporting the movant's case for summary judgment. Beal v. Lindsay, 468 F.2d 287, 291 (2d Cir. 1972). The Rittenband defendants' summary judgment motion is based on their assertion that "no sales and hence no profits were made resulting from the allegedly infringing cuff links." Rittenband Defs. Reply Br. 2.

### 2. Local Rule 56.1

Local Rule 56.1 requires a party moving for summary judgment to file a separate statement of undisputed material facts which demonstrate the movant's entitlement to judgment, with each fact supported by citations to admissible evidence.[3] The party opposing a motion for

---

[3] "(a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

(b) The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

(c) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d) Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." Local Rule 56.1.

4

summary judgment must submit a corresponding statement responding to the movant's facts, and any fact not specifically controverted is deemed admitted for purposes of summary judgment.

Klein's Local Rule 56.1 statement is plainly insufficient. Local Rule 56.1(d) requires that "[e]ach statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." Klein has failed to cite to admissible evidence; his Local Rule 56.1 statement contests several of the Rittenband defendants' assertions not only without citation, but without indicating with any specificity what is disputed. Although the "Attorney Affirmation" accompanying Klein's Local Rule 56.1 statement arguably complies with the requirements of 28 U.S.C. § 1746,[4] it provides little support for the Local Rule 56.1 statement.

There is some authority for the proposition that the Court may consider Klein's assertions despite their wholly defective form. See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1389 (2d Cir. 1992) ("when the evidence offered in opposition to a motion or cross-motion for summary judgment is defective in form but is sufficient to apprise the court that there is important and relevant information that could be proffered to defeat the motion, summary judgment ought not to be entered." (quoting 10A Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 2728, at 190 (2d ed. 1983) (alteration omitted)).

---

[4] Twenty-eight U.S.C. § 1746 allows an unsworn declaration to be submitted where the rules otherwise require a sworn affidavit, but only if it includes substantially the following language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." Although plaintiff's Attorney Affirmation includes the statement: "I understand that I am subject to criminal penalties for any false or misleading statements made herein," it neither uses the precise language of 28 U.S.C. § 1746, nor states that the contents are true and correct. The Second Circuit has found substantial compliance with 28 U.S.C. § 1746 in similar circumstances. LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 65–66 (2d Cir. 1999) (letter that "does not contain the exact language of Section 1746 nor state that the contents are 'true and correct,'" but instead states "Under penalty of perjury, I make the statements contained herein," substantially complies with 28 U.S.C. § 1746).

Ultimately, however, this is academic because neither the plaintiff's Local Rule 56.1 statement nor the facts alleged in the Attorney Affirmation actually contradict the facts upon which the Rittenband defendants rely, as presented in their Local Rule 56.1 statement. Notwithstanding that infirmity and the failure to submit an affidavit as required by Rule 56(f), limited discovery was authorized to permit an expeditious resolution of the matter on the merits. Rule 26(b)(2)(C)(iii). See, e.g., Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994). It should be noted that Rittenband agreed to be deposed and awaited the plaintiff's arrival at the designated time and place only to be notified shortly prior to that time that Klein would not appear. Rittenband makes no claim, however, for sanctions for which Rule 30(g)(1) provides.

Rittenband provided extensive financial and tax records in response to Klein's discovery request. Not a scintilla of evidence was uncovered by Klein to controvert the unequivocal assertions in the defendants' affidavits that there were no sales of and no profits from the allegedly infringing cuff links. The essential facts upon which the defendants' motion for summary judgment is based, namely no sales were made of the allegedly infringing item and therefore no profits were realized, being neither refuted nor disputed, their motion for summary judgment must be granted.[5]

## CONCLUSION

---

[5] At oral argument Klein expressly waived any claim to actual damages, stating instead that his case would stand or fall with the availability of profits. Further, the plaintiff conceded that statutory damages would not be available under the facts of this case. The Court agrees with this assessment. Under 17 U.S.C. § 412, statutory damages are not available for "any infringement of copyright in an unpublished work commenced before the effective date of its registration," or for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." Klein alleges violations of his copyright beginning in at least August or September 2007, if not earlier. Compl. ¶ 34–35. The copyright registrations attached as exhibits to his complaint show an effective registration date of January 18, 2008. Regardless of whether Klein's works were published at the time the alleged infringement commenced, they were not registered in time to qualify for statutory damages.

For the aforementioned reasons, the Rittenband defendants' motion for summary judgment is GRANTED. Because the liability of defendants Turen and Steinway turns on the same issues, the complaint is hereby dismissed as to all defendants.

    SO ORDERED.


Dated:        Brooklyn, New York
                November 17, 2009


                                                /s/
                                        I. Leo Glasser
                                        United States Senior District Judge

**Copies of the foregoing memorandum and order were electronically sent to:**

**<u>Counsel for the Plaintiff</u>**

Charu Narang
101 West 55th Street
3C
New York, NY 10019

**<u>Counsel for the Defendants</u>**

<u>For Elliot Rittenband and R/G Black Tie, LLC</u>

George Gottlieb
Gottlieb, Rackman & Reisman P.C.
270 Madison Avenue
8th Floor
New York, NY 10016-0601

Marc P. Misthal
Gottlieb, Rackman & Reisman
270 Madison Avenue
New York, NY 10016